Curia, per Butler, J.
Before we can subject the rights of the parties in this case to the legal principles by which they are to be governed, we must state the legal positions which they occupied towards each other on the trial below. Several years before the alleged trespass, the plaintiff Jones had been in possession of the premises, as the tenant of one J. Gee. Either denying Gee’s title or wilfully holding over after the termination of his lease, Jones refused to deliver possession, and Gee, in the first instance, and his heirs afterwards, brought an action of trespass to try title against him. A recovery was had, on the ground that Jones had entered upon the land as the tenant of Gee, and could not be permitted to claim against the title of his landlord. Whether Jones had acquired any right from. Stephenson during his tenancy did not appear. By a wise and salutary principle of the law, he was bound by his relation to the landlord under whom he had entered, and was not permitted to defeat his title, by any undue advantage which he had acquired whilst he was in possession. When therefore a verdict was recovered against him, and he was removed from the possession of the land in question, by a writ of habere facias possessionem, (which was proved to have been done by the sheriff,) he was divested of all advantages which he had acquired before the verdict; unless indeed he had acquired a perfect paramount title to the land by purchase or legal transfer from another. In such case he would run no hazard in asserting his right as plaintiff in an action against any one in possession ; or by setting it up after giving his landlord, under whom he had entered, due notice of his adverse possession and title after the termination of his contract as tenant. It would seem that he did neither.
The present defendant, Muldrow, purchased from the heirs of Gee, and is invested with all their title ; and is entitled to claim all the advantages which they could have done, were they now in his situation. He would have a right to hold possession against Jones, as to any right that was previously adjudicated *70 against him. As soon as Muldrow purchased, he put a tenant (Mrs. Woods) on the land. She continued on it about a year, and at the termination of her lease, on Saturday evening, she left the actual occupation of the house ; leaving on the premises, however, some articles, such as corn, poultry, &c. On Sunday morning, the plaintiff, Jones, took possession of the house. This was some time in the first part of January. Two or three weeks after-wards, the defendants went to the place and unroofed the house, and remained in it until the plaintiff was removed by the order of magistrates and freeholders. He now brings this action for a trespass on his rights whilst he was in possession; and the question is made — had he in fact any such right as would entitle him to recover for a violation of it, by the conduct of the defendant, who assumed to be the true owner of the land? If the plaintiff took possession of the land in right of himself, it is evident that he has no title to sustain him. His wife, at the time of the trespass, and he, afterwards, alleged that they held under one Stephenson. This is a mere naked assertion, and although it would go to show the character of the possession, as between Stephenson and the plaintiff, or any one claiming under Stephenson, it is not competent evidence to affect the adverse title of the defendant. Taken in the connexion in which it was made, it is but the declaration of one excusing his trespass or conduct by making testimony for himself. The plaintiff must therefore be 'regarded as having gone on the place by virtue of his own title, which divests him of all right, and leaves him in the attitude of a naked trespasser, who had secretly intruded • himself on the possession of the apparent, and (for aught that this court can say,) the rightful owner. He occupies the position of one who has wrongfully disseised the rightful owner, and brings his action against him for a trespass, because of a re-entry with violence. This brings up the legal question, which is fairly involved. In the contest, the defendant occupies the vantage ground of being the owner of the land; and the plaintiff has no other right than a naked possession, founded upon clandestine intrusion. Every owner of a freehold has a right to use his own estate as he pleases, provided he does not abuse his right to the prejudice of another, or violate the peace *71 of the country, in the manner of asserting and maintaining such right. One may very well render himself liable to an indictment to the state, for a forcible entry and detainer, by taking possession of his own land; as where he does so with violence and a multitude of people, when he would not be answerable for damages to a trespasser, whom he had forcibly removed from it. No one has a right to recover damages for a trespass to land who has no right or interest in it. Damages are given to compensate for an injury to some legal right. What right has a naked trespasser on land, into the occupancy of which he voluntarily intrudes himself? He has a right to claim an exemption from personal violence, but no right to claim redress for an encroachment on his possession. The legal proposition is, that the true owner of a freehold has a right to take possession of it, subject only to his liability to be indicted for a breach of the peace, for some criminal offence prohibited by the laws of the state; but cannot be made answerable to damages for dispossessing a trespasser divested of all title. This proposition is sustained by elementary authorities, and many adjudicated cases: 3 Blac. Com., 210; 8 Barn. & Cres., 4; 7 T. R., 43— The case quoted from 4 Johns. R. 157, of Hyatt v. Wood, is exactly in point. The case stated is, “ that if a person having a possessory title to land enters by force and turns out a person who has a naked possession only, the latter cannot maintain trespass against the person so entering under color of title; and if a person having a legal right of entry on land enters by force, though he may be indicted for a breach of the peace, yet he is not liable to a private action of trespass for damages, at the suit of the person who has no right and is turned out of possession. — The case of Myers v. Myers, 1 M’Cord. 306, is also in point, and may be regarded as obligatory authority on this court.
I have only spoken of the apparent position of the parties on the last trial: such may not be their real position. The plaintiff, Jones, alleges that he holds under Stephenson, and that Stephenson has the paramount title to the land. If he can make this appear on another trial, he will occupy a strong position; he will not only have the advantage of actual possession, but he will be fortified with the fight. He will then be entitled to the protection *72 secured by the Jaw to freehold and habitation. His right to damages will b J disputed by none; and what should be their amount, must very much depend on the motives and purposes of the defendants: these will no doubt be understood by the jury.
Simms, for the motion.
The final decision of this case depends on another question, upon which it is necessary to deliver the judgment of the court. Has a defendant a right, in an action quare clausum fregit, to justify, under the plea of the general issue, by showing title in himself to the freehold ? Upon looking into the authorities on the subject, we are satisfied that he can. The question • has never been decided in this state, but the English and New-York authorities are full and explicit on the point. In the case of Dodd v. Kyffin, 7 T. R. 350, it was decided that a defendant may give evidence of title under the general issue in such action. In the case of Argent v. Durant, the point came up again, and was fully argued : the conclusion of the court was, that a defendant could give evidence of liberum tenementum, under the general issue— 8 T. R. 403. The question seemed to have been conceded in the case of Hyatt v. Wood, quoted above, from 4 J. R. 157; and it may now be regarded as settled in this state. From this it will follow, that both parties on another trial will be at liberty to go into evidence of title. The question of damages, therefore, must very much depend on the rights of the parties.
The motion for a new trial is granted.
Richardson, O’Neall, Evans, and Earle, Justices, concurred.